UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TERRY SANDERFORD**            **CIVIL ACTION**

**VERSUS**            **NO. 19-292-JWD-EWD**

**WAL-MART INC.
D/B/A WALMART SUPERCENTER**

## NOTICE AND ORDER

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Plaintiff Terry Sanderford ("Plaintiff") on April 14, 2018 in East Baton Rouge Parish, Louisiana when Plaintiff tripped on a rug and fell while exiting a Wal-Mart store (the "Accident").[1] On or about April 10, 2019, Plaintiff filed her Petition for Damages ("Petition") against Wal-Mart Inc. d/b/a Walmart Supercenter ("Wal-Mart") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2] On May 9, 2019, State Farm removed the matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[3]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal alleges that Plaintiff is a domiciliary of Louisiana and Wal-Mart is a Delaware corporation with its principal place of business in Arkansas; therefore, complete diversity of citizenship appears to exist.[4]

---

[1] R. Doc. 1-2, ¶ 3.
[2] R. Doc. 1-2.
[3] R. Doc. 1, ¶¶ 12, 14 and introductory paragraph.
[4] R. Doc. 1, ¶¶ 9-10.

However, it is not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[5] The Petition alleges Plaintiff "fell onto her hands and wrist and sustained injuries in the same in addition to other areas," and "Plaintiff suffered bodily injuries which include, but are not limited to, injuries to her left hand, right wrist, neck, shoulder and back."[6] In connection with these injuries, Plaintiff seeks damages for past, present, and future physical pain and suffering, mental pain, anguish and distress, medical expenses, and loss of enjoyment of life, as well as costs, and interest.[7]

In the Notice of Removal, Wal-Mart acknowledges that Plaintiff's Petition does not state the amount in controversy;[8] however, Wal-Mart alleges as follows:

> 6. The plaintiff, through her lawyer, has provided information to Walmart which indicates that she has undergone a cervical MRI scan which has revealed a herniated disc in her cervical spine. Plaintiff has further suggested that she has already incurred medical specials in excess of $31,000.00, and is still actively treating.
> 7. Plaintiff has therefore claimed injuries and damages allegedly related to the Walmart accident, specifically, a herniated cervical disc and medical expenses in excess of $31,000.00, which, if true, which Defendant vehemently denies, places the amount in controversy at an amount which exceeds the threshold value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.[9]

However, the foregoing does not provide enough information to determine if Plaintiff's claims will likely exceed $75,000 exclusive of interest and costs. First, Plaintiff's general allegations of "injuries to her left hand, right wrist, neck, shoulder and back" and demands for

---

[5] *See* 28 U.S.C. §1332(a).
[6] R. Doc. 1-2, ¶¶ 3, 5.
[7] R. Doc. 1-2, ¶ 6 and prayer for damages.
[8] R. Doc. 1, ¶ 3.
[9] R. Doc. 1, ¶¶ 6-7.

general categories of damages (*e.g.*, medical expenses, physical pain and suffering, and mental anguish, etc.)[10] are insufficient. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, In*c., and cases cited therein.[11] Further, the description of Plaintiff's back injury as "a herniated disc in her cervical spine," is also insufficient.[12] This Court has recognized that "[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended."[13] Accordingly, courts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages for a herniated disc meets the amount in controversy requirement when balanced with other information in the record.[14] The *Robinson* Court specifically noted that: "Although damage awards in cases involving non-surgical herniated discs are usually below the jurisdictional minimum, those cases vary greatly depending on what other injuries are involved and the type of treatment recommended."[15] Further, even where some courts have ultimately found the amount in controversy met based on disc herniation, those courts

---

[10] R. Doc. 1-2, ¶¶ 5-6.
[11] No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012).
[12] R. Doc. 1, ¶ 6.
[13] *Robinson v. Kmart Corp.*, No. 11–12, 2011 WL 2790192, at *4, n. 4 (M.D. La. Apr. 28, 2011), *report and recommendation adopted,* 2011 WL 2937952 (M.D. La. July 14, 2011).
[14] *See, e.g., Hebert v. Hanco Nat. Ins. Co*., No. 07-362, 2009 WL 255948, at **4-5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff "suffers from a herniated disc, without any recommendation for surgery" and the plaintiff "continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish"); *Espadron v. State Farm Mut. Auto. Ins. Co.,* No. 10–53, 2010 WL 3168417 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a "herniated cervical disc [or] segmental cervical instability" and a "herniated lumbar disc [or] segmental lumbosacral instability" and was a "potential surgical candidate" and plaintiff stipulated that his damages did not exceed $50,000).
[15] 2011 WL 2790192, at *4, n. 4.

have noted the amount in controversy was not facially apparent where, as here, the Petition lacked specificity.[16]

In this case, there is no indication of whether surgery is recommended for Plaintiff, the nature of the treatment Plaintiff has received and is recommended to receive, the nature of Plaintiff's alleged injuries to her hand, wrist, neck, and shoulder, and whether Plaintiff is currently working/expected to return to work and/or other work limitations. Wal-Mart has not offered any relevant medical information regarding Plaintiff's injuries, treatment, and prognosis in support of the amount in controversy. While the specification of the amount of Plaintiff's past medical expenses, and indication of current treatment,[17] is instructive, these factors are not alone sufficient to establish the amount in controversy, particularly in light of the lack of any information regarding Plaintiff's current prognosis and future surgery and treatment recommendations, other than to say Plaintiff has incurred $31,000 in medical expenses to date and is still treating. Finally, there is also no evidence of any settlement demands, discovery responses, and/or stipulations of damages exchanged among the parties.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[18]

---

[16] *See, e.g.,* No. 05-1778, *Reeves v. TPI Restaurants, Inc.*, 2007 WL 1308380, at *1 (W.D. La. April 13, 2007) (where court relied on MRIs and cited jurisprudence). *See also McDonald v. Target Corp. of Minn.*, No. 11-598, 2011 WL 2160495, at *1 (E.D. La. June 1, 2011) (where court relied on medical reports and jurisprudence).
[17] R. Doc. 1, ¶ 6.
[18] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

4

Accordingly,

**IT IS HEREBY ORDERED** that on or before **May 27, 2019**, Defendant Wal-Mart Inc. shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that on or before **June 6, 2019**, Plaintiff Terry Sanderford shall file either: (1) a Notice stating that Plaintiff does not dispute that Wal-Mart has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, May 20, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**